JEAN McC. HIRSHON, Respondent, v. WALTER HIRSHON, Appellant.—

No opinion. Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ., concur.

LOUIS HOFFERT, Appellant, v. TISDALE LUMBER COMPANY et al., Respondents. —

Plaintiff's proof established *prima facie* that the truck of respondent Tisdale Lumber Company made a sharp turn and caused the left rear of the truck to come in violent contact with the right center of the car of respondent Nebelkopf. The contention of the Tisdale Lumber Company that the testimony of the witnesses Henry Nebelkopf and Hoffert that there was such a turning and contact was nullified by admissions made that they did not see the accident is without merit. After such admissions were made there was proof from Nebelkopf of the positions of the vehicles after the accident that *prima facie* established that there had been a sharp turn, and contact due to that fact; and in the case of the witness Hoffert, cross-examination adduced an explanation that nullified the seeming admission that he was not looking and did not see the accident. This explanation was that the turning and talking of the witness occurred prior to the forward movement of the car and not at the time of such movement. The body of proof from these two witnesses, together with that adduced from the witness Weinstein, made out a *prima facie* case against respondent Tisdale. Proof was erroneously excluded as to whether or not any signal was given by the chauffeur of the Tisdale truck that he was going to make a sharp turn; and likewise proof was erroneously excluded as to whether the chauffeur of the Nebelkopf car did or did not give warning to the Tisdale chauffeur of the proximity of the Nebelkopf car in relation to any movement by either vehicle. The circumstances under which the trial was conducted also require a new trial in the interest of justice so that a determination can be had by a jury as to whether or not the operators of either or both vehicles were negligent, and whether or not the plaintiff was guilty of contributory negligence, with nullifying effect upon the negligence of either or both defendants. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.